**PRUDENTIAL INS. CO. OF AMERICA et al. v. ESSARY & JONES. (No. 3088.)**

(Court of Civil Appeals of Texas. Texarkana. June 3, 1925. Rehearing Denied June 11, 1925.)

1. **Mortgages** ⬅319(3)—**Evidence held to support jury's answers to special interrogatories.**

In action to enjoin sale of land by trustee acting under terms of deed of trust, evidence *held* sufficient to support answers by jury to special interrogatories, that it was agreed payment, of principal and interest alone would settle in full indebtedness held by defendant against plaintiffs, and that one of plaintiffs tendered to defendants interest on indebtedness.

2. **Mortgages** ⬅338—**Plaintiff, having tendered interest due on debt, was entitled to enjoin foreclosure sale of land.**

If, under agreement, plaintiffs were to pay interest on trust deed up to an agreed date, and they so tendered and offered to pay such interest, which offer was refused, they were entitled to enjoin the sale of land under foreclosure, and were only required to tender this amount to defendant upon trial.

Appeal from District Court, Hunt County; Geo. B. Hall, Judge.

Action by Essary & Jones against the Prudential Insurance Company of America and others, to enjoin a foreclosure sale of land under trust deed. Judgment for plaintiffs, and defendants appeal. Affirmed.

Lyle Saxon, of Dallas, and Thoms L. Beauchamp, of Paris, for appellants.

Clark & Clark, of Greenville, and C. A. Sweeton, of Houston, for appellees.

LEVY, J. The suit was by the appellees to enjoin the sale of land by the trustee, acting under the terms of a deed of trust executed to the Prudential Insurance Company of America. The right to have the sale enjoined was based upon the ground, substantially stated, that the principal of the indebtedness secured under the deed of trust was paid, and the amount of interest thereon due and owing, as agreed upon to be owing, was tendered and refused, and no default in payment of any part of the indebtedness existed. The defendants answered by general denial, and specially pleaded, in effect, that there was default in the payment of coupon interest notes for $599.95, due January 1, 1922, and January 1, 1923, which defaults matured the principal with interest and attorney's fees, and that the interest for 1923 and the attorney's fees were unpaid. The case was tried before a jury on special issues, and, in keeping with the verdict and the evidence, the court entered judgment in favor of the plaintiffs, directing the clerk to pay over to the insurance company the $225 tendered as interest due, canceling the lien existing by reason of the deed of trust, and permanently enjoining further steps to advertise or sell the land under the deed of trust. The amount of interest stated was the amount of interest tendered in court and claimed by the plaintiffs to be due and owing.

The following are the issues submitted to the jury, and their answers:

"Q. (1) Was it agreed between the plaintiffs and the defendant, at the time the draft was drawn on J. H. Bickley, that the payment of the principal and interest alone would settle in full the indebtedness held by the defendant against the plaintiffs? Answer: Yes.

"Q. (2) Did the plaintiff Jones tender to defendant the payment of the interest as testified by him? Answer: Yes."

[1, 2] The appellant's assignments of error properly present the point urged—that the evidence does not support the answers of the jury, and that the trustee should not have been enjoined from making a sale of the land under the deed of trust. If Essary & Jones owed and were due to pay the $225 interest tendered into court, and no more, under an express agreement to that effect, then they were entitled to have the trustee's sale enjoined: otherwise they were not entitled to the judgment as rendered. For, as stated in the evidence of the attorney for the defendant:

"The only controversy with Essary & Jones is as to the $225 attorney's fees and the amount of interest owed up to the time the papers arrived (the release deed), which amounted to four hundred and some odd dollars."

A draft was drawn on J. H. Bickley for $8,565, representing the full amount of the principal of the indebtedness, and the draft was delivered to the attorney for the defendant, and is held by him for collection. No question was made in the trial concerning that draft, and it was treated as equivalent to the payment of the principal. According to the jury finding on the first question submitted to them, there was an agreement between the parties, and the agreement was "that the payment of the principal and interest alone would settle in full the indebtedness held by the defendant against the plaintiffs." And, according to the second finding of the jury, Essary & Jones performed the agreement entered into, and tendered to the defendant the full amount of interest as agreed upon to be due and owing. In this respect it appears that in November, 1918, Bickley and Parkhill executed a deed of trust on the land to the insurance company to secure a note for $8,565, due January 1, 1929, and bearing interest at the rate of 7 per cent. per annum from date. Ten interest notes, representing interest payable annually in advance, were executed as follows: One note for $674.50, due January 1, 1920; and nine notes for $599.50 each, due annually January 1, 1921, to January 1, 1929, respectively. The trust deed provided that

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the failure to pay any interest note when due would authorize the company, at its option, to mature the principal indebtedness. At a time subsequent to 1918, but before 1922, the date not shown, Essary & Jones purchased the land from Bickley and Parkhill, and as a part of the consideration assumed to pay the $8,565 note according to its terms. The interest notes for 1920 and 1921 were paid, inferably by Bickley and Parkhill. The interest note due January 1, 1922, assumed by Essary & Jones, was not paid at maturity, and as a consequence the land was posted for sale under the deed of trust. But before the date of sale the interest was paid, including an agreed attorney's fee of $30, and the sale was not proceeded with. The interest note for $599.50, due January 1, 1923, was not paid at maturity, and as a consequence the land was posted for sale in May, 1923. In April, 1923, Essary & Jones concluded to pay off the indebtedness and to stop the sale, and to that end went to Dallas to the office of the attorney for the insurance company having the foreclosure in charge. It is practically admitted that an agreement was reached by the parties, but the evidence is conflicting as to terms thereof. The testimony in behalf of the insurance company is to the effect that about April 21, 1923, Essary & Jones agreed to pay the interest on the principal from January 1, 1923, up to the date the release deed reached the Dallas office, and interest on the accrued interest to that date, and furthermore to pay attorney's fees of $250, and such costs as had accrued by reason of the posting of the land for sale; further, as testified, that Essary & Jones never performed the agreement, and they did not tender that sum of money. The evidence in behalf of Essary & Jones is to the effect, as the jury could reasonably construe, that Essary & Jones, through Mr. Jones, in the latter week of April, 1923, agreed to pay the principal of $8,565, and the interest thereon from January 1, 1923, to the date the release deed reached the Dallas office; further, that Essary & Jones offered to pay the amount of interest due to May 15, 1923, the date when the release deed was received at Dallas. Hence, considering the record, it cannot be said there is no evidence to support the jury's findings.

The evidence is not so indefinite that Essary & Jones tendered the amount of interest to May 15, 1923, on the date the release deed was received in Dallas from the home office of the insurance company, as to not warrant the conclusion the jury reached. The questions arising for decision rested purely in fact, and the evidence in respect thereto was conflicting. Therefore, if Essary & Jones, under the agreement, were to pay the interest up to the time the release deed reached Dallas, which was May 15, 1923, and they tendered or offered to pay the interest due,

which was refused, they were entitled to enjoin the sale of the land under foreclosure, and were only required to again tender this amount to defendant upon the trial of the case.

We have considered all the assignments of error, and conclude that reversible error is not warranted by the record.

The judgment is affirmed.